IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WENDELL DUNCAN, #32726**                                                **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:06-cv-690-DPJ-JCS**

**JOHN BEARRY, et al.**                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC) and currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On February 21, 2007, an order [5] was entered denying Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision. The order directed that Plaintiff pay the full $350 filing fee within thirty days and warned that failure to timely comply with the requirements of the order would result in the dismissal of his complaint. Plaintiff failed to comply with this order.

On April 4, 2007, an order [6] was entered directing Plaintiff to show cause, within ten days, why this case should not be dismissed for his failure to comply with the Court's February 21, 2007 order. In addition, Plaintiff was directed to comply with the February 21, 2007 order by paying the required filing fee within ten days. The show cause order warned

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff filed a second motion to proceed *in forma pauperis* on April 16, 2007 and reiterated his belief that he is entitled to *in forma pauperis* status in this case, but he did not comply with the Court's order.

Plaintiff has failed to comply with two Court orders.  This Court has the authority to dismiss an action for failure prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  In addition, Plaintiff's second motion to proceed *in forma pauperis* [7] filed April 16, 2007 is without merit and is denied.  Since the defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2

(5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 2th day of May, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE